UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 20cr10197-LTS |
| | ) | |
| KELVIN BARROS | ) | |

**OPPOSITION TO BARROS' MOTION TO RECONSIDER THE DETENTION ORDER**

      In a detailed order, this Court found that the detention of Defendant Kelvin Barros was appropriate given all of the circumstances, including Defendant's obstruction of justice. Defendant sought review of this Court's detention order by the District Court. The government was able to provide further evidence to the District Court of Defendant's gang-related obstruction of justice/witness intimidation both before the institution of these criminal proceedings and after the institution of these proceedings. In fact, the government provided evidence that Defendant engaged in obstruction of justice with NOB member/associate Christopher Mann *after* Defendant's prior obstruction had been raised before this Court. Obstruction of justice is an established ground for detention. *See, e.g., United States v. LaFontaine*, 210 F.3d 125, 134 (2nd Cir. 2000) ("obstruction of justice has been a traditional ground for pretrial detention by the courts, even prior to detention for dangerousness which was instituted by the Bail Reform Act of 1984").

      During the hearing before the District Court on September 25, 2020, the District Court expressly stated that the evidence of Defendant's obstruction of justice/witness intimidation supported Defendant's detention as there were no conditions or terms of release that could prevent Defendant from further engaging in obstruction and intimidation. The District Court

allowed Defendant the opportunity to present witnesses in order to demonstrate that Defendant did not engage in obstruction of justice or witness tampering. Despite being offered the opportunity to provide witness testimony on this topic, no witnesses have been proposed as of the present date nor has any evidentiary hearing taken place. Defendant has failed to rebut, as required by the District Court, the evidence that he has been involved in obstruction of justice and witness tampering.

Rather than introduce the witness testimony requested by the District Court, Defendant recently withdrew his motion before the District Court, and filed the pending motion before this Court – thus effectively side-stepping the District Court and its expressed concerns about further obstruction of justice. In his present motion, Defendant simply ignores the overwhelming evidence that he has been an active participant in gang-related obstruction of justice and witness intimidation. Defendant has to avoid this issue in its entirety because he has no viable response to it, and, as noted by the District Court, there are no terms or conditions that could prevent Defendant from further obstructing justice should he be released into the community.

The Court's Order of Detention should be affirmed, and his motion should be denied.

### I.    **BARROS' CONTINUING OBSTRUCTION OF JUSTICE**

As noted in the Detention Order, the evidence establishes that Defendant Barros is a member of the NOB street gang – a violent criminal organization involved in various acts of violence (including murder, armed assaults, and armed robberies), drug trafficking, prostitution, and obstruction of justice. Barros himself has an established pattern of gang-related witness intimidation/tampering that has continued into the present case.

### A. Witness Intimidation/Tampering Targeting Victim of Gang-Related Armed Robbery

On or about October 8, 2017, a victim (identified as an associate of the Cameron street gang, one of the NOB's primary rival gangs) was the target of an armed robbery and beating by NOB gang members Joseph "J-Money" Gomes and Malik "Mook" Hobson in a MBTA station. *See* Complaint at ¶¶ 23-25.  Both Gomes and Hobson eventually pled guilty to state criminal charges arising out of the armed robbery and received sentences of incarceration.

Investigators recovered video of the robbery victim being intimidated and coerced in a state courthouse by Defendant Barros and NOB gang member Wilson "Dub" Goncalves-Mendes.  The videos were recovered, pursuant to a federal search warrant, from Goncalves-Mendes' phone seized on or about June 16, 2020.  The videos were filed under seal with the District Court as Exhibits 3 and 4.  Though Defendant Barros and Goncalves-Mendes are off-camera during the intimidation, investigators familiar with Barros' voice have identified that Barros was involved in the threats.  In addition, investigators recovered a recorded jail call from on or about May 3, 2020 (discussed in more detail below) between leading NOB members Joshua Teixeira and Ricky Pina in which they confirmed that the individuals intimidating the witness were "Kal [Barros' street name] and Dub [Goncalves-Mendes' street name]."  During the witness intimidation/tampering, Barros and Goncalves repeatedly press the victim as to whether the victim is "on that Cam sh*t" –i.e., whether the individual is associated with the Cameron Street gang, one of NOB's primary rivals.  They also expressly instruct the victim that "you go to show up to Court and say you're not telling."  This is clear obstruction of justice in which Defendant Barros and his NOB associate Goncalves-Mendes seek to protect NOB's operations by threatening a victim/witness to NOB crimes.

## B. May 2020 Video Threatening the Victim of the Gang-Related Armed Robbery

As noted in the Detention Order, on or about May 1, 2020, a gang-related rap video (involving multiple NOB gang members and associates, including Defendant Barros, Michael "G-Fredo" Brandao, and Joseph Gomes), titled *Dead Opps, Pt. 3*, was publicly released. *See* Detention Order at pp. 4-5. The primary rappers in the video are Barros and Brandao. The rap video includes imbedded video of the above-referenced intimidation of the robbery victim. The imbedded video has no audio and the image of the victim's face is obscured. Brandao uses the imbedded video to again threaten the armed robbery victim with violence. *See* Detention Order at pp. 4-5. As discussed in the previous section, on May 3, 2020, NOB members Joshua Teixeira and Ricky Pina discussed the threat in a recorded jail call. Teixeira describes the rap video to Pina as follows:

> Kal [Barros] was like, "Bitch boy you put all them shots in my whip but your man got got in the whip." And then Fredo's [Brandao's] next verse is like ***"Snitch boy you told on J-Money [Gomes] and Mook [Hobson] so when I catch you it's lit."*** So in the video like, they got Joey [Gomes], they split the screen when he said that on the video and on the right side you see. ***Remember that video when n****s ran down on [the victim of the armed robbery] at court, Kal and Dub, and they recorded him when he had that little dress shirt on***? [emphasis added].

Thus, Texeira and Pina confirm that Barros and Goncalves-Mendes committed gang-related obstruction of justice when they targeted the victim in a state courthouse. The imbedding of the video, along with Brandao's express threat against the victim, was a public pronouncement by NOB (in a video in which Defendant Barros plays a major role) that the gang will retaliate against any potential witnesses to the gang's crimes. This public threat against an NOB victim/witness was made in May 2020 – less than two months before Barros' arrest in this case.

4

### C. Defendant Barros' June 23, 2020 Video Threatening Witnesses

As noted in prior pleadings, on or about June 23, 2020, the video *RICO* was publicly released. The video is split into two parts. The first part of the video runs through approximately 2:02 minutes and includes television news clips of the arrests of Barros' co-defendants on June 16, 2020. After the first part, the screen goes blank for a brief period and then there is a shorter section of the video which includes the ending verse with a threat to potential witnesses:

> Get the pack from the plug
> Got it flippin', movin' fast
> If them coppers get behind you, they might kill you, do the dash
> And it's crazy if they catch you with that shit then it's your ass
> But what you know about selling fentanyl, ten to one bro, do the math
>
> I ain't worried about no beef
> Cuz they know the time we [are] on
> Spin their block and bust a U-ie, then I tell bro, "reload"
> *I'm worried about the feds, cuz they're hittin' us with the RICO*
> *I'm worried about them n****s that ain't gonna stick to the G Code*

The second, shorter section of the video establishes that Barros is aware that he has been charged with federal RICO charges ("*I'm worried about the feds, cuz they're hittin' us with the RICO*"), and that he is concerned that individuals will talk (people *"ain't gonna stick to the G Code."*). The second part also includes images of Barros holding his finger over his lips in a common sign for staying silent.

Defendant contends that the video was made in May 2020 before the RICO arrests, and that he had no knowledge of, or involvement in, its release. There is no dispute that the federal RICO charge against Defendant and his cohorts was not publicly disclosed until June 16, 2020, the date of the initial arrests in this case. Defendant has represented that he did not learn about

5

the RICO case *until* the date of the arrests. The lyrics of the ending verse (which state that Defendant was "hit[] with the RICO") could not have been recorded before June 16, 2020 – the earliest date that Barros could have been made aware of the charges. Thus, the full *RICO* recording and video could not have been finished in May 2020 because no one involved with Barros knew about the federal RICO case against him and his associates at that time. The first part of the recording and video (the part without the witness threats) may have been finished in May 2020, but the second part with the reference to the federal RICO charges and the "G Code" could not have been. Moreover, as already set forth in prior pleadings before this Court, Barros' "manager", Christopher Mann, admitted in a recorded jail call that Barros "dropped" (released) the video in June 2020 – contrary to his present claim that he had no knowledge of, or involvement in, the release of the *RICO* video.

During the September 25th hearing, the District Court raised the fact that it did not seem to make sense that individuals working with Defendant would alter a video by adding parts about Defendant's federal RICO case and then publicly release the video without Defendant's knowledge or permission. The District Court expressly provided Defendant with an opportunity to introduce witnesses to support his factual contentions about the video. Defendant has not presented any sworn witness testimony, including his own, to support his factual contentions on this point.

### D. Barros and Mann Conspire to Obstruct Justice in August 2020 *After* the Obstruction/Witness Tampering in the *RICO* Video Was Raised Before This Court During Barros' Detention Proceedings

On August 4, 2020, Christopher Mann facilitated a three-way call between Defendant Barros and NOB member Michal Brandao, who were and are incarcerated in different facilities.

This call occurred *after* Barros' witness intimidation/tampering in the *RICO* video was raised before this Court in Barros' detention hearing.   In the call, Barros, Mann and Brandao conspired to obstruct justice through perjured testimony designed to shield Brandao from admissions to crimes of violence that he made in publicly-released rap videos.   As set forth in the Complaint, Brandao made numerous inculpatory admissions in videos, including participating in a video which included the reenactment of a shooting murder.   *See* Complaint at ¶¶ 5(a); 27-28.

In the call, Barros stated to Brandao: "N\*\*\*a listen, I already told Chris … I already told Chris … ***I already told Chris to tell you what to say, did he tell you what I said***?"   Brandao replied in a confused manner.   Barros then stated: "N\*\*\*a … all the music that we did, I'm the one that wrote it bro.   You feel what I am saying?"   Brandao started to respond, and was interrupted by Barros: "Yeah they can't n\*\*\*a … you already know what it is n\*\*\*a … I'm your ghost writer n\*\*\*a, they can't say sh\*t about that n\*\*\*a … I do this sh\*t for entertainment, you feel what I'm saying?"[1]

Barros was instructing Brandao to lie about the fact that Brandao wrote the inculpatory rap lyrics.   By claiming that Barros "ghost wrote" the rap lyrics, they could then argue that there were no admissions to crimes of violence by Brandao, and that the raps are just illusory – a point that benefits not only Brandao but also Barros and other NOB members/associates.   *Barros' claim that he was Brandao's "ghost writer" is demonstrably false because Barros has admitted that he had no role in Brandao's rap songs/videos in the letter filed with the Court on July 21, 2020*.   [*See* Document No. 81-10.]   On the second page of the letter, Barros expressly states:

---

[1] If Barros was really the person who wrote all the raps, including Brandao's raps, there would be no need to inform Brandao of that fact.

"The Judge said 'we can't just call/say this is just entertainment.' Then she brought up the fact that in one of the videos mentioned in the case [a video by Brandao] re-enacts a murder. *That was not my video, not my song and I not one of the people doing/participating in any reenactment. So why am I held accountable for someone elses [sic] video?* I cannot control other people's actions, I can only control and make decisions on my own actions." Barros, Brandao and Mann are conspiring to obstruct justice and suborn perjury for the benefit of NOB – consistent with their prior actions as set forth above. Moreover, Barros is orchestrating the obstruction of justice and using Mann to achieve the obstruction – a situation which completely undercuts Barros' contention that Mann (and others) were acting on their own volition to release the *RICO* video without Barros' knowledge or input.

The above incidents establish that Barros has been and is active in gang-related witness intimidation and obstruction of justice with other NOB members/associates, such as Christopher Mann and Michael Brandao. If Barros is released, he will seek to obstruct justice as he has done in the past. As the District Court noted in the September 25 hearing, there is no condition or term of release that can be implemented to prevent Barros from communicating to other people (such as Christopher Mann) in order to obstruct justice in this case if Barros is living in the community. On this ground alone, the order of detention was well-founded and continues to be well-founded. *See LaFontaine*, 210 F.3d at 134; *United States v. Gotti*, 794 F.2d 773, 779 (2nd Cir. 1986) (recent witness tampering in another proceeding was sufficient to justify pretrial detention); *United States v. Gamble*, 2019 WL 6877755 at *6 (D.D.C. Dec. 17, 2019) ("'Danger to the community may include non-violent propensities, such as a record of obstruction of

8

justice.'") (citation omitted).[2]

## CONCLUSION

Based on all the circumstances set forth in the record, the Order of Detention should be affirmed and Barros should be detained.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:   */s/ Michael Crowley*
MICHAEL CROWLEY
Assistant U.S. Attorney

---

[2] *See also United States v. Mustachio*, 254 Fed.Appx. 853, 854 (2nd Cir. 2007) ("pretrial detention may be 'even more justified in cases of violations related to the trial process,' *i.e.*, incidents where the defendant has attempted to obstruct justice while on release, 'than in cases where the defendant's past criminality was said to support a finding of general dangerousness'") (citation omitted).

**CERTIFICATE OF SERVICE**

    I, Michael J. Crowley, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

    */s/ Michael J. Crowley*
    MICHAEL J. CROWLEY
    Assistant U.S. Attorney