

**U.S. Department of Justice**

***Rachael S. Rollins***
*United States Attorney*
*District of Massachusetts*

_____

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

May 9, 2022

Kevin J. Reddington, Esq.
Law Offices of Kevin J. Reddington, Esq.
1342 Belmont Street, Suite 203
Brockton, MA 02301

> Re:   United States v. Kelvin "Kal" Barros
>        Criminal No. 20cr10197-LTS

Dear Mr. Reddington:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Kelvin Barros ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1.   Change of Plea

Defendant will plead guilty to the following three counts of the Second Superseding Indictment: Count One – Conspiracy to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity, in violation of 18 U.S.C. § 1962(d); Count Two – Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846; and Count Eight – Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1). Defendant admits that he committed the crimes specified in these counts and is in fact guilty of each one.

As to Count Two, Defendant agrees that it was reasonably foreseeable that at least 40 grams of a mixture or substance containing a detectable amount of fentanyl would be distributed pursuant to the conspiracy, and, as a result, Defendant agrees that, as to Count Two, he is subject to 21 U.S.C. § 841(b)(1)(B)(vi), including the applicable 5-year mandatory minimum sentence. As part of this agreement, as to Count Two, the government will not seek a 10-year mandatory minimum sentence as provided by 21 U.S.C. § 841(b)(1)(A)(vi) and as charged in the Second Superseding Indictment.

1

The government will, following sentencing, dismiss Count Ten of the Second Superseding Indictment – Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

2.      Penalties

Defendant faces the following mandatory minimum and maximum penalties: Count One - incarceration for up to 20 years, supervised release for up to 3 years, a fine of up to $250,000, restitution, forfeiture as charged in the Second Superseding Indictment, and a mandatory special assessment of $100; Count Two - incarceration for no less than 5 years up to 40 years, supervised release for no less than 4 years up to life, a fine of up to $5,000,000, forfeiture as charged in the Second Superseding Indictment, and a mandatory special assessment of $100; and Count Eight - incarceration for up to 20 years, supervised release for no less than 3 years up to life, a fine of up to $1,000,000, forfeiture as charged in the Second Superseding Indictment, and a mandatory special assessment of $100.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3.      Sentencing Guidelines

The U.S. Attorney agrees, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 34:

> a) Defendant is responsible for two separate racketeering predicates based on attempted murder (Group One) and Defendant's drug trafficking (Group Two) (USSG §§ 2E1.1(a)(2), 3D1.1);
>
> b) Defendant's offense level for Group One is a base offense level of 33, the offense level applicable to an attempted murder committed in furtherance of the RICO conspiracy (USSG §§ 2E1.1(a)(2), 2A2.1(a)(1)), which is increased by 2 based on the injury suffered by the victim (USSG § 2A2.1(b)(1)(B)), resulting in adjusted offense level 35;
>
> c) Defendant's offense level for Group Two is a base offense level of 30, because the amount of fentanyl distributed by Defendant pursuant to the drug conspiracy was at least 400 grams but less than 1.2 kilograms (USSG §§ 2D1.1(a)(5), (c)(5)), which is increased by 4 because Defendant knowingly misrepresented or knowingly marketed as another substance a mixture or substance containing fentanyl (USSG § 2D1.1(b)(13)), resulting in an adjusted offense level 34;

d) Per USSG § 3D1.4, each of Groups One and Two count as one unit, which results in an additional two levels to the highest group, resulting in an offense level of 37; and

e) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

✳

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4.   Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence to the Court:

a) incarceration for a term not to exceed 162 months; *13 ½*

b) a fine within the Guidelines sentencing range as calculated by the U.S. Attorney in Paragraph 3, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

c) 48 months of supervised release;

d) a mandatory special assessment of $300, which Defendant must pay to the Clerk of the Court by the date of sentencing;

e) restitution as determined by the Court at the time of sentencing; and

f) forfeiture as set forth in Paragraph 7.

*NSC*

*✳ DEFENDANT DOES NOT AGREE to THE CALCULATIONS SET FORTH ABOVE AND RESERVES THE right to CHALLENGE THE EVIDENTIARY BASIS OF THE SAME SUCH AS drug WEIGHT AND EXTENT OF Predicate ACTS.* *KS*

Defendant may argue for any sentence subject to the mandatory minimum sentence for Count Two.

5.    Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

    a)  Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

    b)  Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence, regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

6.    Waiver of Hyde Amendment Claim

Defendant is aware that the Court can award attorneys' fees and other litigation expenses to defendants in certain criminal cases. In exchange for the concessions the U.S. Attorney is making in this Agreement, Defendant waives any claim under the so-called "Hyde Amendment," 18 U.S.C. §3006A, that is based in whole or in part on the U.S. Attorney's agreement in Paragraph 1 to dismiss Count Ten.

7.    Forfeiture

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

8.    Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

9.    Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

10.    Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

11.    Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

7

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorneys Michael Crowley or Sarah Hoefle.

Sincerely,

JOSHUA S. LEVY
First Assistant United States Attorney

By: /s/ Timothy Moran
TIMOTHY MORAN
Chief, Organized Crime and Gang Unit


/s/ Michael Crowley
MICHAEL CROWLEY
SARAH HOEFLE
Assistant U.S. Attorneys

7

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the mandatory minimum and maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_Kelvin Barros_
KELVIN BARROS
Defendant

Date:   06/22/22

I certify that Kelvin Barros has read this Agreement and that we have discussed what it means. I believe Kelvin Barros understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_Kevin Reddington_
Kevin Reddington, Esq.
Attorney for Defendant

Date:   6-22-2022

7